IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ALEJANDRO C. MARTINEZ**,

    Plaintiff,

v.                                                                                                                                      Civ. No. 07-1126 RB/CG

**UNITED STATES BORDER PATROL,
MARCIO NUNEZ, KENNETH J. PARKS,
STEVEN A. HIGGS, PETER R. MORAN,**

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Kenneth J. Parks' Motion for Summary Judgment on Plaintiff Alejandro C. Martinez's *Bivens* claim for excessive force, filed August 18, 2009 (Doc. 53); and on the United States' Motion to Dismiss Count II of Complaint, filed September 15, 2009 (Doc. 59). Because a genuine issue of material fact exists regarding whether Parks used excessive force after Martinez was handcuffed, the motion for summary judgment will be denied. But because Martinez failed to allege or demonstrate that he exhausted his administrative remedies under the Federal Tort Claims Act to recover damages to his vehicle, Count II of his Complaint shall be dismissed.

**I.**     **The motion for summary judgment**.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting FED. R. CIV. P. 56(c)). As the Supreme Court explained almost forty years ago in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970), the burden on the non-moving party to respond arises only if the summary judgment motion is properly supported as required by Rule 56(c). Thus, summary judgment is "appropriate" under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c). If the moving party's evidence produced in support of the summary judgment motion does not meet this burden, "summary judgment must be denied *even if no opposing evidentiary matter is presented.*" *Id.* at 160 (italics in original) (quotation marks omitted); *see Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (holding that a district court may not grant a motion for summary judgment "without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law. If it has not, summary judgment is not appropriate for no defense to an insufficient showing is required.") (quotation marks and bracket omitted).

As noted in the July 17, 2009 MOO, Martinez alleged in his sworn Complaint that, after he had been subdued, taken to the ground, and handcuffed, Parks "slammed [Martinez's] head into the pavement twice more when [Martinez] tried to get up [be]cause [he] told them [he] could not breath [sic] in the blood." Doc. 47 at 4 (quoting Complaint at 3). Count I of his Complaint is that he was "beaten after handcuffed." *Id.* (quoting Complaint at 4).

Parks submitted two affidavits with his summary-judgment motion, contending that "Mr. Martinez's head was never slammed after he was cuffed." Doc. 54 at 6; *Id.* Ex. 1 (Nunez's Affidavit stating, "At no time during the incident was Mr. Martinez slammed, hit or injured in any way while

2

he was handcuffed. I did not see any aggression from SPA Parks towards Mr. Martinez such as grabbing him and slamming his head into the ground as Martinez states."); *Id.* Ex. 2 (Parks' Affidavit stating, "At no time did I ever grab Mr. Martinez by the hair and slam his head onto the ground as he states."). Martinez did not submit an affidavit in response to Parks' motion for summary judgment; he repeated his statement that Parks "slammed my face on the pavement" and used excessive force against him. Doc. 56 at 1. Parks contends that he is entitled to summary judgment because Martinez did not submit an affidavit *repeating* the sworn allegations Martinez made in his sworn Complaint, contending that a "plaintiff may not rely simply on allegations in his own pleadings," and citing *Celotex*, 477 U.S. at 324. Doc. 54 at 7.

The United States misinterprets the statement in *Celotex* that "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." 477 U.S. at 324. This statement does not mean that the Court must disregard Martinez's sworn allegations made in his Complaint simply because Parks disputes them in affidavits. In *Celotex*, the plaintiff's complaint made only a general allegation that her husband's death was caused by exposure to asbestos, and the complaint named 15 corporations that manufactured asbestos products. *See* 477 U.S. at 319. The complaint made no specific allegation that the deceased had been exposed to a specific Celotex-brand product at any time, however, and Celotex moved for summary judgment on the contention that the plaintiff "failed to produce evidence that any [Celotex] product . . . was the proximate cause of the injuries alleged . . . ." *Id.* (bracket and ellipsis in original). In response, the plaintiff/nonmovant presented only inadmissible evidence. The district court granted summary judgment in favor of the movants/defendant, but the Court of Appeals reversed because Celotex had "made no effort to adduce any evidence, in the form of affidavits or otherwise, to support its motion" and had relied

3

only on an absence of admissible evidence in the discovery materials produced by the plaintiff. *See id.* at 320-21. The Supreme Court reversed, holding that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. By "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact," Celotex had met its burden and did not have to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323 (italics in original). The Supreme Court also noted, however, that the changes made to Rule 56(e) "were not intended to reduce the burden of the moving party" to initially show that there is no genuine issue of material fact and that "the burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Indeed, almost five years later, the Supreme Court continued to note that,

> [i]n ruling upon a Rule 56 motion, "a District Court must resolve any factual issues of controversy in favor of the non-moving party" only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied. . . . [T]he purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Accordingly, the Tenth Circuit has long held that "[t]he plaintiff's complaint may also be treated as an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury." *Hall v. Bellmon* 935 F.2d 1106, 1111 (10th Cir. 1991); *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985) ("A verified pleading may itself be treated as an affidavit if the facts asserted are within the

pleader's personal knowledge."). The Tenth Circuit has specifically rejected arguments that a pro se plaintiff who files a sworn complaint with material factual allegations fails to meet his summary-judgment obligation if he fails to submit an affidavit to rebut a defendant's affidavits presented with a motion for summary judgment. *See Adams v. Dyer*, No. 06-1125, 223 Fed. Appx. 757, 764 n.7 (10th Cir. Feb. 9, 2007) (stating, "contrary to the defendants' suggestion, Adams has submitted 'affidavits or other materials provided under oath' to establish his claim. Adams initiated this lawsuit with a verified complaint, which under our precedent is treated as an affidavit for summary judgment purposes as long as it satisfies the standards for affidavits outlined in Rule 56(e)."). Thus, the Court may treat Martinez's verified complaint "as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e)" unless 'the allegations contained in the pleading are merely conclusory." *Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988). Under Rule 56(e), an affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." FED. R. CIV. P. 56(e).

Martinez's statements regarding what allegedly occurred after he was handcuffed were made on his personal knowledge, set out facts that are admissible, and show that he is competent to testify about what happened. His allegations were not "merely conclusory" - rather they specified the actions that Parks allegedly took after Martinez was handcuffed. All Parks' and Nunez's affidavits did was contradict Martinez's sworn statements, thereby creating a genuine issue of material fact for trial. Martinez had no duty to submit an affidavit restating his sworn testimony in order to defeat summary judgment. *See Lujan*, 497 U.S. at 888, *Adams v. Dyer*, 223 Fed. Appx. at 764 n.7. Because Parks failed to satisfy his initial burden to demonstrate that there "is no genuine issue as to any material fact," summary judgment must be denied. FED. R. CIV. P. 56(c).

**II.     The motion to dismiss.**

In the July 17, 2009 MOO, the Court noted that "Count II of Martinez's Complaint alleges that his vehicle was damaged and his phone was broken. The Court construes this as a claim for negligence under the Federal Tort Claims Act ["FTCA"]." Doc. 47 at 5 (citation omitted). Suit under the FTCA is the exclusive remedy for claims brought for a "negligent or wrongful act or omission" of any Government employee acting "within the scope of his office or employment" subject to two exceptions that are not applicable to Count II. 28 U.S.C. § 2679(b)(1) & 2. The FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). There may be a question as to whether exhaustion of remedies is a pleading requirement or an affirmative defense, *see Jones v. Bock*, 127 S. Ct. 910, 918-22 (2007) (addressing the FTCA under the Prison Litigation Reform Act), but exhaustion of administrative remedies under the FTCA is a prerequisite to filing suit. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that the "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies" and noting that pro se plaintiffs must also follow that requirement). A claim is presented when "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident," is prepared and properly executed and is "presented to the Federal agency whose activities gave rise to the

claim." 28 C.F.R. § 14.2(a), (b); *Cizek v. United States*, 953 F.2d 1232, 1233-34 & n.1 (10th Cir. 1992).

The United States presented an affidavit showing that Martinez has not submitted such a written claim to any agency. *See* Doc. 60, Att. 1. Martinez did not allege in his Complaint that he exhausted his administrative remedies before filing suit, and in his response, Martinez does not rebut this affidavit. Instead, he alleges that, after the criminal charges against him were dismissed, he called agents in El Paso who "handle[] such claims," but the agent told him he would call him back after he found out Martinez's "court status" and failed to do so, and that other calls to the agency had been ignored. Doc. 61 at 1. The Court concludes that calling an agency will not substitute for filing a written claim with the agency that comports with § 2675. Because Martinez did not exhaust his administrative remedies before he filed suit, his property-damage claims in Count II must be dismissed.

**IT IS ORDERED** that Parks' Motion for Summary Judgment (Doc. 53) is DENIED; and the United States' Motion to Dismiss Count II of the Complaint (Doc. 59) is GRANTED; and that Count II of the Complaint is DISMISSED.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE