### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

ALEJANDRO C. MARTINEZ,

       Plaintiff,

v.                                                                                      Civ. No. 07-1126 RB/CG

U.S. BORDER PATROL, et al.,

       Defendants.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
### RECOMMENDATION TO DISMISS THE CASE WITH PREJUDICE

**THIS MATTER** is before the Court on *Defendant's Motion to Reopen Discovery for 30 Days and for Rule 47 Sanctions* (*Fourth Motion for Sanctions*) (Doc. 101), filed on June 3, 2010 and Defendant's oral motion, made at the telephonic hearing on June 21, 2010, for the undersigned Magistrate Judge to recommend dismissal of the case. Telephonic Motion Hearing on *Defendant's Motion to Reopen Discovery for 30 Days and for Rule 37(b)(2)(A) Sanctions,* at 2:45:18–25 (June 21, 2010).  The Court has considered the submissions of the parties as well as the arguments at the hearing, the record in this case, and the relevant law.  Because Mr. Martinez' repeated failures to comply with discovery and Court orders have caused actual prejudice to the Defendant[1] and have interfered with the judicial process, because Mr. Martinez' was culpable for his failures and was repeatedly warned that such failures could result in dismissal, and finally, because lesser sanctions have not been effective, the Court GRANTS IN PART and DENIES IN

---

[1] Only Defendant Parks remains; the other defendants have been dismissed.  *See Memorandum Opinion and Order* (Doc. 65) at 7.

PART Defendant's *Fourth Motion for Sanctions* (Doc. 101), GRANTS Defendant's June 21, 2010 oral motion, and RECOMMENDS that the case be dismissed.

## Background

The Plaintiff, Mr. Martinez, filed this civil rights action on November 7, 2007 because he says that he "was beaten after [being] handcuffed" by Border Patrol agents. *Complaint* (Doc. 1). On November 15, 2007, Mr. Martinez was granted leave to proceed *in forma pauperis*. *Order Granting Motion to Proceed In Forma Pauperis and Directing Service* (Doc. 3). On July 13, 2009, after Defendants had filed a Motion to Dismiss based on qualified immunity, Mr. Martinez requested a 60-day extension to find an attorney and to amend his Reply to the Motion to Dismiss. *Motion to Extend Time* (Doc. 45). On July 17, 2009, United States District Judge Robert C. Brack ruled on the pending dispositive motion, *Memorandum Opinion and Order* (*MOO*) (Doc. 47) at 10, denied the extension because representation would not have altered his ruling, and granted a 30-day stay of the case for Mr. Martinez to find counsel, *Order* (Doc. 48) at 1–2. The Complaint asserted claims of excessive force and property damage against all Defendants. *See MOO* (Doc. 47) at 2, 10. Ultimately, Judge Brack dismissed the excessive force claim against all Defendants except Mr. Parks. *Id.* at 10. The claims that remained, therefore, were for excessive force against Mr. Parks and for damage to Mr. Martinez' truck against all Defendants. *See id.*

On August 17, 2009, Mr. Martinez requested more time "to present facts, evidence, and witnesses," because three attorneys had "withdrawn" for lack of time to prepare. *Untitled Motion* (Doc. 50). Judge Brack "construe[d] this motion as a request for additional time to obtain an attorney," denied it, and "admonished [Mr. Martinez] that he, as a pro se litigant, must follow the same procedural rules that govern other litigants." *Order* (Doc. 55).

On January 12, 2010, Judge Brack ruled on a second dispositive motion, dismissing the damages claim against all Defendants; only the excessive force claim against Defendant Parks remained.  *MOO* (Doc. 65) at 7.  Mr. Martinez responded to the *MOO* on January 27, 2010, explaining that he was "doing the best that [he could]."  *Untitled document* (Doc. 66) at 1.  He said that he had been given the "runaround" in his attempts to secure counsel and thought he would have had a trial by then rather than "correspondence."  *Id.* at 1, 2.  Lastly, Mr. Martinez attempted to explain his "so[-]called prior" by stating that he "took the place" of his son by pleading no contest to a criminal charge so that the police would not investigate his son.  *Id.* at 3.  "I lied at the hearing and am proud of it due to the outcome," he wrote.  *Id.*

The undersigned held a telephonic status conference with Mr. Martinez and counsel for Defendant Parks, Mr. Hamilton, on February 4, 2010, at which time Mr. Martinez was advised that "he is required to comply with all discovery deadlines . . . . [and] if he does not comply[,] his case could be dismissed."  *Clerk's Minutes* (Doc. 68).

First Motion for Sanctions

On March 8, 2010, Mr. Martinez did not appear for his scheduled deposition, but he did file an *Untitled Document*, explaining that he had misunderstood the location and "welcome[d] rescheduling."  (Doc. 74).  Upon Defendant Parks' motion for sanctions for the missed deposition, the Court held a telephonic hearing and "reminded Mr. Martinez [that] he is required comply with the Rules of Civil Procedure."  *Clerk's Minutes* (Doc. 78).  The Court granted the motion for sanctions and ordered Mr. Martinez to pay $175 in attorney's fees and court reporter fees and stayed discovery for 30 days while Defendant Parks rescheduled the deposition.  *Order* (Doc. 80).

Second Motion for Sanctions

On April 30, 2010, Defendant Parks filed his second motion for sanctions, requesting dismissal of the case due to Mr. Martinez' repeated failures to comply with discovery. *Defendant's Motion for Rule 37 Sanctions for Plaintiff's Failure to Respond to Defendant Parks' Second Set of Interrogatories to Plaintiff and Second Request for Production* (*Second Motion for Sanctions*) (Doc. 90) at 2. Mr. Martinez responded on May 6, 2010 that he had talked with defense counsel by phone and had advised him that the requested documents were lost in a flood, so he "would send what [he] could gather." *Untitled Response* (Doc. 92) at 1. Mr. Martinez added, "[e]vident[]ly, the phone conversation was not enough, I should have documented a response." *Id.* at 2. He stated that he was trying his best to comply and urged the Court "to please allow this case to continue and be heard." *Id.* at 3.

On May 10, 2010 the Court held a telephonic hearing on the motion. *Clerk's Minutes* (Doc. 92); Sound Recording of Hearing (May 10, 2010). During the hearing, the Court heard the parties' arguments. Defense counsel explained that Mr. Martinez—despite the pending motion—had still not responded to the discovery requests. Sound Recording of Hearing at 3:37:01–05 (May 10, 2010). Defense counsel said that the information was "very important" to his client's case. *Id.* at 3:38:10–12. For example, he had requested contact information for the eye-witnesses whom Mr. Martinez described in his deposition as well as documentation from the IRS and the New Mexico Department of Taxation and Revenue to verify Mr. Martinez' deposition testimony that he had not filed any tax returns since 2004, which related to Mr. Martinez' claim for lost wages. *Id.* at 3:37:20–38:12. Mr. Martinez said that he had already told defense counsel on the phone that he had not

produced the tax documents because they were lost in a flood and had provided the only contact information for the eye-witnesses that he had. *Id.* at 3:38:20–37:17. The Court explained to Mr. Martinez that, as indicated by the interrogatories, he was required to respond in writing. *Id.* at 3:39:37–45.

The Court expressly warned Mr. Martinez five times that the Court would recommend dismissal if he did not comply. *Id.* at 3:39:41–54 ("You must respond in writing as indicated by these interrogatories. You have to follow the rules. I told you that. Whether you have a lawyer or you don't, you'll follow the rules. If you don't, your case will be dismissed."); 3:42:44–43:01 ("If that is not done, I'm going to recommend to Judge Brack that he dismiss your case. I have told you over and over and over again that you must comply with rules. I am going to give you one opportunity, and one opportunity is it."); 3:43:21–28 ("Yes, I told you before, sir, if you don't comply with the Rules, I'm going to recommend that your case be dismissed."); 3:43:48–57 ("And if you do not, if you do not [comply], I will tell Judge Brack that I think that you've had enough chances and that your case should be dismissed."); 3:50:21–39 (Judge Garza: "That's it, Mr. Martinez." *Mr. Martinez: "Well, whatever you mean by 'that's it,' that fine, but what I'm saying is—."* Judge Garza: "Well, let me, let me tell you again what I mean by that. I'm going to tell you again, Mr. Martinez, what I mean by that. You are required to comply with the rules of this Court. If you do not, I will recommend to Judge Brack that your case be dismissed."). The *Clerk's Minutes* from the hearing reiterated the warnings in writing. (Doc. 93). The Court ordered Mr. Martinez to respond to the requested discovery in writing by five p.m. the next day. *Id.*; *Order* (Doc. 103).

Third Motion for Sanctions

Four days later, on May 14, 2010, Defendant Parks filed a third motion for sanctions, again requesting dismissal. *Defendant's Third Motion for Rule 37 Sanctions For Failure to Fully and Completely Comply with Discovery Requests* (*Third Motion for Sanctions*) (Doc. 94) at 7. Defendant Parks explained that Mr. Martinez had submitted a written but "deficient, evasive or incomplete" response to the discovery requests at issue. *Id.* at 1. Defendant Parks explained that Mr. Martinez had still failed to produce the following: tax returns for years 2002 or 2003 or letters from tax authorities regarding his failure to file tax returns for years 2005–09, despite the fact that he had testified during his deposition that he had such documents, *id.* at 2; the 27 pounds of paperwork related to this lawsuit that he testified that he had in his possession, *id.* at 3–4; sales receipts for equipment that he claimed he was forced to sell as a result of his injuries, *id.* at 4–5; and the complete addresses and phone numbers of the eye-witnesses and fourteen other witnesses whom he planned to call at trial, *id.* at 5–6.

Mr. Martinez responded that he had "faxed what [he] had available and mailed via certified mail tax returns on hand no other returns available, no current or re[c]ent letters from IRS." *Untitled Response* (Doc. 95) at 1. He also provided the name and address of a private tax assistance company, *id.* at 1; stated that the 27 pounds of paperwork was "irrelevant," *id.* at 2; denied that he had any sales receipts for the equipment because the sales had been in cash but provided the name, post office box, and phone number for an auction company, *id.*; provided some names, phone numbers, and addresses for some individuals, *id.* at 2–3; and finally, recounted his version of part of the underlying incident and urged the Court to order a trial, *id.* at 4–5.

The Court held a hearing on May 27, 2010.  *Clerk's Minutes* (Doc. 98); Sound Recording of Hearing (May 27, 2010).  The Court reviewed the requested discovery with the parties item by item.  Sound recording of Hearing (May 27, 2010).  The Court then listed what Mr. Martinez was required to produce and ordered that it be provided by June 1, 2010 at five p.m.  *Id.*  Finally, the Court repeatedly admonished Mr. Martinez that his failures to comply could result in dismissal of his case.  *Id.* at 2:38:50–52 ("You're going to run out of chances with me."); 2:40:10–14 ("Listen to me, Mr. Martinez.  This is it.  This is really it."); 2:50:18–30 ("Mr. Martinez, honestly, I came in here today to say 'your case is over.  I'm recommending to Judge Brack that it be dismissed.'  I'm giving you one more chance, and one more chance is all.").

## Fourth Motion for Sanctions

On June 3, 2010, Defendant Parks filed the motion at bar. *Fourth Motion for Sanctions* (Doc. 101).  He requested an 30-day discovery extension to allow him to find and depose the purported eye-witnesses—whose names and contact information Mr. Martinez had apparently finally furnished—as well as costs for such depositions.  *Id.* at 1–2.  He further requested that Mr. Martinez be barred from claiming any lost income for 2003 or 2004 because he still had not produced tax returns for those years nor any explanation for such failure.  *Id.* at 2.  Lastly, he requested that the testimony of any of Mr. Martinez' 14 witnesses be excluded from trial due to his continued failure to provide any further contact information for the witnesses.  *Id.* at 2–3.

Mr. Martinez responded on June 11, 2010. *Untitled Response* (Doc. 104).  He said that he "totally disagree[d]" with Defendant's request for sanctions in the form of costs for depositions of the eye-witnesses.  Id. at 1.  He added that "I have been receiving

7

statements from [the court reporter] and medical record requests by U.S. Assistant Attorney Hamilton that I did not order, therefore I[,] Alejandro C. Martinez[,] suggest that if coun[sel asks] that[,] coun[sel] pay for what they [ask]." *Id.* He stated that the "IRS has stated they will not provide any forms that far back in date," and he stated that he had referred Mr. Hamilton to the private tax assistance company. *Id.* at 2. Finally, he alleged that he had already provided the addresses and phone numbers for his potential witnesses. *Id.*

Defendant Parks replied on June 21, 2010, before the scheduled hearing on the motion. *Reply to Response to Defendant's Motion to Reopen Discovery for 30 Days and for Rule 37(b)(2)(A) Sanctions* (Doc. 105). He requested either the costs of deposing the eye-witnesses, including the costs of interpreters, or alternatively, that their testimony be excluded because Mr. Martinez had taken nearly four months to produce their contact information. *Id.* at 1. Defendant Parks "dispute[d] the truthfulness" of Mr. Martinez' claim that the IRS would not provide copies of returns for 2003 and 2004 and alternatively requested that Mr. Martinez sign a release so that Defendant Parks could obtain the returns directly. *Id.* at 2. Defendant Parks maintained that the contact information for the 14 potential witnesses was incomplete. Id. Defendant Parks advised that Mr. Martinez had missed the Court's June 1 deadline for providing the 27 pounds of other documents because they arrived not earlier than June 14. *Id.* at 3. Finally, Defendant Parks advised that these documents contained important information that should have been disclosed months earlier. *Id.* For the repeated discovery violations and failures to comply with Court Orders, Defendant Parks requested dismissal of the action. *Id.*

On the afternoon of June 21, the Court held a telephonic hearing on the motion. *Clerk's Minutes* (Doc. 106); Sound Recording of Hearing (June 21, 2010).  After expressing frustration with Mr. Martinez' lack of compliance thus far, the Court reviewed the requested items one by one, hearing from both sides on each item.  Mr. Martinez was less than cooperative throughout.  For example, regarding Defendant's request for costs to depose the eye-witnesses as a sanction for Mr. Martinez providing the contact information so late, the Court inquired whether Mr. Martinez would prefer to pay the deposition costs or prefer that the Court recommend to Judge Brack that the eye-witnesses' testimony be excluded from trial. Mr. Martinez responded, "What I prefer is, the information that I provided is all the information I have."  Sound Recording of Hearing at 2:35:33–38 (June 21, 2010).  When asked a second time, he said, "Okay, my preference is, answer me first, why I am responsible for that?  Do I have to be responsible?"  *Id.* at 2:36:16–22.  When asked a third time, he stated, "Alright, I'll do what I can to pay the costs."  *Id.* at 2:37:20–24.

Furthermore, Mr. Hamilton reported that the contact information provided for the other witnesses was still incomplete.  He said that only Post Office box numbers were provided or only phone numbers or only cities, rather than complete addresses as phone numbers, not to mention that there was no indication of the expected substance of these witnesses' testimony.  Mr. Martinez said that he had produced all the requested information.  The Court found that he had not produced the requested information and advised exclusion of the witnesses would be for Judge Brack to decide.  *Id.* at 2:41:45–43:55.

Lastly, Mr. Hamilton reported that, among the box of documents that was received around June 14, 2010—well after the Court's latest deadline of June 1, 2010—he found

documents that should have been produced months earlier.   He said that he found

documentation related to an interview with the bar tender at the bar where Mr. Martinez and

another man, Mr. Lucero, were drinking before the underlying encounter with the Border

Patrol as well as notes of an interview with Mr. Lucero.  *Id.* at 2:44:05–45:07.  Mr. Hamilton

said that these documents were "very important" to the case and their late production

prejudiced him because he did not have them for Mr. Lucero's deposition, which was

conducted on March 18, 2010.   *Id.* at 2:44:15–24.   Mr. Martinez responded that

Mr. Hamilton had the opportunity to copy "everything I took with me to Albuquerque, to the

deposition [inaudible], he kept copies of everything . . . .  If he didn't take copies of those,

it's his fault." *Id.* at 2:45:50–46:05.  The Court advised that it would recommend dismissal

of the case to Judge Brack and that Mr. Martinez would have the opportunity to file

objections to the recommendation.  Id. at 2:46:07–20.  The following exchange between

Mr. Martinez and the Court ensued.

| | |
|---|---|
| Mr. Martinez: | Your honor, I think you [could have] done this a long time ago 'cause several times you've said this, and uh— |
| The Court: | Well, this time, I'm going to, this time, I'm going to do it.  I guess you haven't believed me, Mr. Martinez. So, It's time to show you. |
| Mr. Martinez: | It's not a matter of believe or don't believe. |
| The Court: | It's time to show that you I mean what I say, that I've given you enough chances, I've given you enough warnings.  You haven't complied with the Court's orders, and I'm going to recommend to Judge Brack this case be dismissed.  The Court is in recess. Thank you. |

Id. at 2:46:24–49.

**Analysis**

Federal Rule of Civil Procedure 37(b)(2)(A)(v) allows a court to dismiss an action "[i]f a party . . . fails to obey an order to provide or permit discovery . . ." Dismissal is a "drastic sanction that should be employed only as a last resort," *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009), and it is "appropriate only in cases of willful misconduct," *Erenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). In the spirit of liberally construing the submissions of a pro se litigant, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), courts should consider whether a sanction less than dismissal may be appropriate in cases involving a pro se litigant "so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Erenhaus*, 965 F.2d at 920. Before dismissing a case under Rule 37, therefore, a court should consider certain factors. *Id.* at 920–21.

> [A] court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* at 921 (citations, internal quotation marks, and ellipsis omitted). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.*

Here, Defendant Parks has been—and, without dismissal, would continue to be—prejudiced by Mr. Martinez' continued failure comply with orders of the Court. For example, as a result of Mr. Martinez' failures, Defendant Parks has had to repeatedly request certain discovery, file four motions for sanctions related to the withheld discovery,

and participate in hearings on those motions, causing delay and increased cost to Defendant Parks. *See Def.'s Mot. for Rule 37 Sanctions for Pl.'s Failure to Appear at his Dep.* (Doc. 76); *Def.'s Mot. for Rule 37 Sanctions for Pl.'s Failure to Respond to Def. Parks' [Disc. Requests]* (Doc. 90); *Def.'s Third Mot. for Rule 37 Sanctions for Failure to Fully and Completely Comply with Disc. Requests* (Doc. 94); *Def.'s Mot. to Reopen Disc. for 30 Days and for Rule 37(b)(2)(A) Sanctions* (Doc. 101). Moreover, he was denied the ability to fully question Mr. Lucero at his deposition because Mr. Martinez withheld important information until three months after the deposition. Sound Recording of Hearing at 2:44:05–45:07 (June 21, 2010).

The second *Erenhaus* factor, interference with the judicial process, supports dismissal. As noted in *Erenhaus*, if a litigant "could ignore court orders . . . without suffering consequences, then [the court could] not administer orderly justice, and the result would be chaos." 965 F.2d at 921 (internal quotation marks omitted). Mr. Martinez' has repeatedly failed to follow direct and specific orders of this Court, which has wasted judicial resources and obstructed the progress of this case. In addition to failing to comply with the Court's orders, Mr. Martinez has also flouted the Court's authority by essentially daring the Court to recommend dismissal. "[Y]ou had already told me that you're gonna have my case dismissed, and then you uh, you, uh, changed your mind . . . ." Hearing at 3:43:09–17 (May 10, 2010). "Your honor, I think you [inaudible] done this a long time ago 'cause several times you've said this . . . ." Hearing at 2:46:24–27 (June 21, 2010).

The third factor, the litigant's culpability, further supports dismissal. Mr. Martinez is responsible for his failures to comply with the Court's discovery orders. Mr. Martinez insists that he is trying his best and has produced all that he has in his possession, but he is

contradicted by his own deposition testimony and by the fact that some of the disputed information has trickled out after the Court's numerous orders and extensions. Despite these repeated extensions to produce the documents and despite a final opportunity to execute a release so that the Defendant could obtain the tax documents himself, Mr. Martinez still fails to comply.

Mr. Martinez was warned that such failures could result in dismissal of his case, which according to the fourth factor, also weighs in favor of dismissal. He was warned on at least five occasions, orally and in writing, that he was required to comply with the rules of the Court. On three of these occasions, he was specifically advised that failure to comply could result in dismissal. For example, on August 20, 2009, District Judge Brack "admonished [Mr. Martinez] that he, as a pro se litigant, must follow the same procedural rules that govern other litigants." *Order* (Doc. 55). Clerk's Minutes from hearings with the undersigned included three more instances of warnings. On February 4, 2010, Mr. Martinez was advised "that if he does not comply his case could be dismissed." *Clerk's Minutes* (Doc. 68). On March 17, 2010, the Court "reminded Mr. Martinez he is required to comply with the Rules of Civil Procedure." *Clerk's Minutes* (Doc. 78). At the hearing on May 10, 2010, the Court verbally, specifically warned Mr. Martinez five times that the Court would recommend dismissal if he did not comply. Sound Recording of Hearing at 3:39:41–54, 3:42:44–43:01, 3:43:21–28, 3:43:48–57, 3:50:21–39 (May 10, 2010). The *Clerk's Minutes* from the hearing reiterated the warnings in writing. (Doc. 93). The Court again warned of dismissal at the hearing on May 27, 2010. Hearing at 2:50:18–30 (May 27, 2010).

Because lesser sanctions have not been effective and because further lesser sanctions are not expected to be effective either, the fifth *Erenhaus* factor also supports dismissal.  After Mr. Martinez failed to appear for his scheduled deposition on March 8, 2010, the Court sanctioned him by ordering him to pay the attorneys fees and costs of the missed deposition, in the amount of $175.  Although he did appear for the rescheduled deposition, he continued his pattern of noncompliance with discovery and with the Court's orders by failing to produce or sign releases for the records at issue here.  The Court also threatened lesser sanctions in the form of paying deposition costs or recommending exclusion of certain witnesses from trial, to no avail.  In fact, despite the Court's notice, at the June 21, 2010 hearing, that recommendation of dismissal was forthcoming, there is no evidence that Mr. Martinez has complied with the outstanding discovery requests.  Mr. Martinez' conduct indicates that he has no intention of providing the discovery at issue, and therefore, it would be pointless for the Court to consider his claims any further.

**IT IS HEREBY ORDERED** that:

(1)  Defendant Parks' *Fourth Motion for Sanctions* (Doc. 101), requesting sanctions for failure to comply with discovery, be **GRANTED IN PART** to the extent that the Court recommends dismissal as sanctions,

(2) Defendant Parks' *Fourth Motion for Sanctions* (Doc. 101), requesting a 30-day discovery extension, be **DENIED IN PART** as moot; and

(3) Defendant Parks' oral motion, made at the telephonic hearing on June 21, 2010,

for the undersigned Magistrate Judge to recommend dismissal of the case, be **GRANTED**;

**IT IS THEREFORE RECOMMENDED** that this case be **DISMISSED with prejudice**.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE